## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, 100 F St., NE Washington, D.C. 20549, | : : : : : | |
| Plaintiff, | : : | **07 1728** |
| v. | : : | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, DAVID W. GLENN, VAUGHN A. CLARKE, ROBERT C. DEAN, and NAZIR G. DOSSANI, | : : : : : : | **FILED** **SEP 2 8 2007** |
| Defendants. | : : : | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |

### FINAL JUDGMENT AS TO DEFENDANT NAZIR G. DOSSANI

The Securities and Exchange Commission having filed a Complaint and Defendant Nazir G. Dossani having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 17(a)(2) or (3) of the

Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)(2) or (3)] in the offer or sale of any

security by the use of any means or instruments of transportation or communication in interstate

commerce or by use of the mails, directly or indirectly:

    (a)    to obtain money or property by means of any untrue statement of a material fact

           or any omission of a material fact necessary in order to make the statements

           made, in light of the circumstances under which they were made, not misleading;

           or

    (b)    to engage in any transaction, practice, or course of business which operates or

           would operate as a fraud or deceit upon the purchaser.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant is liable for disgorgement of $61,663, together with prejudgment interest thereon in

the amount of $20,640, and a civil penalty in the amount of $75,000 pursuant to Section 20(d) of

the Securities Act [15 U.S.C. §77t(d)].   Defendant shall satisfy this obligation by paying

$157,303 within ten (10) business days to the Clerk of this Court, together with a cover letter

identifying Nazir G. Dossani as a defendant in this action; setting forth the title and civil action

number of this action and the name of this Court; and specifying that payment is made pursuant

to this Final Judgment.   Defendant shall simultaneously transmit photocopies of such payment

and letter to the Commission's counsel in this action.   By making this payment, Defendant

relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds

shall be returned to Defendant.   Defendant shall pay post-judgment interest on any delinquent

amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and

3

shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For

purposes of this paragraph, a "Related Investor Action" means a private damages action brought

against Defendant by or on behalf of one or more investors based on substantially the same facts

as alleged in the Complaint in this action.

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall

retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.


Dated: ___Sept. 28___, 2007


_____
UNITED STATES DISTRICT JUDGE